The Full Commission has reviewed the award based upon the record of proceedings in the case and in light of defendants' allegations of error. Defendants assign error to the deputy commissioner's "refus[al] to allow any additional evidence or testimony in this case." Defendants assert that this lack of medical evidence renders the findings of fact and conclusions of law unsupported and unjustified.
The Full Commission, by its September 12, 1994 Order, agreed that for a full and complete determination in this case, medical evidence was necessary. The records as submitted support the April 28, 1994 Opinion and Award by Deputy Commissioner Roger L. Dillard, Jr. which held that plaintiff sustained an injury by accident on November 7, 1991 and was therefore entitled to medical expenses therefor. Deputy Commissioner Dillard denied any award for total disability and specifically declined to address or rule on the issue of permanent partial disability because plaintiff had not completed his medical treatment and had not been rated for any partial disability. The April 28, 1994 Opinion and Award is HEREBY AFFIRMED with amendments made thereto, according to the submitted medical evidence.
*********
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and an employment relationship existed between plaintiff and defendant-employer.
2. Tokio Marine Management Company was the workers' compensation insurance carrier on the risk at that time.
3. Defendants agreed to furnish a Form 22 so that the Industrial Commission could calculate plaintiff's average weekly wage.
*********
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. Plaintiff was a piano tuner and technician for defendant-employer where he was first employed in 1988. Initially, plaintiff's employment with defendant-employer involved only tuning pianos and he was not required to lift; however, as of November 7, 1991, plaintiff was working at the end of the assembly line where his job included tuning the pianos and then lifting and moving the pianos off the line. On November 7, 1991, while lifting a piano, plaintiff' felt something pull in his neck and back area, with the pain being primarily in the lower right side of his neck.
2. As a result of this incident of lifting the piano, the plaintiff experienced pain. Plaintiff sought medical treatment to obtain relief. He initially saw Dr. Coniglio who subsequently referred him to Dr. King. Plaintiff underwent a period of physical therapy while under Dr. Coniglio's care, but this was unsuccessful. Plaintiff wore a cervical collar on his neck for a week or so.
3. Plaintiff was initially out of work for five days and thereafter he returned to work and worked sitting down, because standing was too painful. Plaintiff did not have to lift any more pianos as part of his job duties.
4. As of April 14, 1993 plaintiff was terminated from his job. Plaintiff contends he was fired because he could only work sitting down and because he did not attend company meetings because the meetings were conducted in a smoke-filled room, which he could not tolerate. Defendants contend that plaintiff was terminated primarily because he had failed to attend company meetings, and the company had made a special concession for the plaintiff and allowed him to remain just outside the door of the meeting room. Plaintiff would not even stand outside the door. The Full Commission finds that plaintiff was terminated for reasons unrelated to his injury by accident.
5. From April 26 until November, 1993, plaintiff searched for work and ultimately obtained employment in the state of South Carolina. He continues to be a piano tuner and technician.
6. Once the plaintiff was terminated by defendant-employer, he was no longer allowed to obtain medical treatment.
7. Plaintiff only missed five days from work as a result of the November 7, 1991 incident.
8. Both Drs. Coniglio and Smith have rated plaintiff as having a five percent permanent partial disability of the back as a result of the November 7, 1991 incident.
*********
Based upon the foregoing stipulations and findings of fact, the undersigned make the following
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of his employment on November 7, 1991 by way of a disabling back injury which arose out of and in the course of his employment and which was the direct result of a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6).
2. As a result of the accident giving rise hereto, plaintiff was rendered temporarily totally disabled for a period of only five days and as a result did not meet the seven-day waiting period and is not entitled to temporary total disability compensation. N.C. Gen. Stat. §§ 97-28; and 29.
3. As a result of the specific traumatic incident sustained by plaintiff, he has been rated as having a five percent permanent partial disability, and is entitled to benefits therefor. N.C. Gen. Stat. § 97-30.
4. Defendants have neglected to submit a Form 22 as was stipulated. Therefore, the Industrial Commission has no evidence from which to ascertain plaintiff's average weekly wage.
*********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay all medical expenses incurred by plaintiff as a result of the injury by accident giving rise hereto when bills for the same have been submitted through the defendant-carrier to the Industrial Commission and approved thereby.
2. Defendants shall pay plaintiff for his five percent permanent partial disability at sixty-six and two-thirds of his average weekly wage for fifteen weeks. IT IS HEREBY ORDERED that unless the parties can agree on a mutually-satisfactory figure representing plaintiff's average weekly wage in fulfillment of this award, defendant shall submit a Form 22 within 30 days of receipt of this Opinion and Award. Should the Industrial Commission receive a Form 22, it will thereupon determine plaintiff's correct average weekly wage.
3. Plaintiff's attorney is entitled to an attorney's fee of twenty-five percent of the amount ultimately received by plaintiff.
4. Defendants shall pay the costs of this appeal.
This the 6th day of March, 1995.
 S/ ____________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ________________ J. HOWARD BUNN, Jr. CHAIRMAN
S/ ________________ DIANNE C. SELLERS COMMISSIONER